UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLEN THOMAS STEWART,<br><br>     Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>     Defendants, | CASE NO. C18-1621-RAJ-MAT<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND DISCUSSION

Plaintiff Glen Thomas Stewart is a federal prisoner previously convicted and sentenced in this Court and currently incarcerated at the D. Ray James Correctional Institution in Folkston, Georgia. Proceeding pro se and *in forma pauperis*, plaintiff submitted a complaint alleging violations of his civil rights by named defendants the United States of America, Assistant United States Attorneys Vince Lombardi and Jeffrey Backus, former United States Attorney Jenny Durkin, DEA Agent Jack Wilson, and defense attorney Charles Johnston. Plaintiff avers defendants conspired to deter him from bringing witnesses during his 2012 criminal trial by threats and intimidation, resulting in the violation of his constitutional rights. He seeks a ruling in his favor pursuant to 18 U.S.C. §§ 241 and 242, 42 U.S.C. § 1985(2) and (3), and 42 U.S.C. § 1986,

REPORT AND RECOMMENDATION
PAGE - 1

and relief including vacating his criminal conviction and either dismissing the case against him or setting his case for a new trial, as well as compensatory and punitive damages. The Court, for the reasons set forth below, recommends this matter be dismissed for failure to state a claim upon which relief may be granted.

A.   Criminal Statutes

Plaintiff may not seek relief under 18 U.S.C. §§ 241 and 242 in this civil action. These federal criminal statutes prohibit conspiracies to deprive another of his or her civil rights, § 241, and the actual deprivation of another's civil rights, § 242. They provide no basis for civil liability. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). Accordingly, the alleged violation of federal criminal statutes fails to state a claim upon which relief may be granted.

B.   Civil Rights Statutes

Section 1985 of Title 42 of the United States Code outlaws various classes of conspiratorial activity. *Kush v. Rutledge*, 460 U.S. 719, 724 (1983). Section 1986 "creates a right to recover damages . . . against every person who has knowledge of, and power to prevent, a § 1985 conspiracy, but neglects or refuses to act." *Burnett v. Grattan*, 468 U.S. 42, 44 n.5 (1984). Plaintiff here alleges violation of §§ 1985(2) and (3), and seeks relief under § 1986.

Section 1985(2) gives rise to a cause of action based on a conspiracy to deter a party or witness from attending or testifying in a federal court proceeding, to injure a person due to such attendance or testimony, or to otherwise influence a proceeding.[1] To state a claim under § 1985(2),

---

[1] The first clause of § 1985(2), described above and applicable to federal court proceedings, does not require that conspirators act with an intent to deprive their victims of the equal protection of laws. *Kush*, 460 U.S. at 720, 725; *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993). The second clause of § 1985(2) addresses conspiracies to obstruct the course of justice in state court proceedings and requires that a conspiracy be motivated by a racial or otherwise class-based discriminatory animus. *Kush*,

REPORT AND RECOMMENDATION
PAGE - 2

a claimant must show (1) a conspiracy, (2) to deter a witness by force, intimidation, or threat from attending court or testifying freely, which (3) results in injury to the plaintiff. *David v. United States*, 820 F.2d 1038, 1040 (9th Cir. 1987). Section 1985(3) "prohibits conspiracies 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws.'" *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting § 1985(3)). To state a § 1985(3) claim, a claimant must show (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of a right or privilege of a United States citizen. *Mustafa v. Clark County School Dist.*, 157 F.3d 1169, 1181 (9th Cir. 1998).

Plaintiff seeks to vacate his conviction, and therefore release from confinement, as a remedy for his claims. However, "[c]hallenges to the validity of any confinement or to the particulars affecting its duration are the province of habeas corpus[.]" *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A vacated conviction and release from confinement is therefore not available as a remedy in this civil action. *See id.*; *accord Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) ("To the extent that Trimble is contending that he is entitled to be released from prison, his exclusive remedy is a writ of habeas corpus.") (citations omitted).

Moreover, because "civil torts actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments," a plaintiff cannot use a civil rights action to collaterally attack a criminal offense for which he has already been found guilty unless his criminal judgment has been reversed, expunged, declared invalid, or called into question by a writ of habeas

---

460 U.S. at 725-26.

corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck*, a civil rights complaint cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint *must* be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487 (emphasis added). *Heck* applies equally to civil rights claims brought under 42 U.S.C. §§ 1983, 1985, and 1986, as well as to civil rights claims against federal actors under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097-98 n.4 (9th Cir. 2004); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). *See also Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (§ 1983 and actions under *Bivens* are identical save for the replacement of a state actor under § 1983 with federal actor under *Bivens*).

Following a July 2012 trial, a jury found plaintiff guilty on two counts and this Court sentenced him to 144 months of incarceration and five years of supervised release. *United States v. Stewart*, CR11-120-JCC (Dkts. 821 & 901). His conviction and sentence has not been invalidated. In October 2014, this Court denied plaintiff's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence and, in August 2015, the Ninth Circuit Court of Appeals denied the request for a certificate of appealability. *Stewart v. United States*, C13-2043-JCC (Dkts. 24 & 30). *See also Stewart*, CR 11-120-JCC (Dkt. 1170 (November 2016 order denying motion for relief from judgment)). The Ninth Circuit also, in July 2018, denied plaintiff authorization to file a second or successive § 2255 motion. *Stewart v. United States*, C17-0916-JCC (Dkt. 6).

Plaintiff here alleges the named defendants conspired to prevent the appearance of crucial witnesses during his criminal trial and that this conspiracy violated his constitutional rights. A judgment in favor of plaintiff on his claims of conspiracy would render his criminal judgment invalid. Because the judgment has not already been invalidated or set aside, plaintiff's conspiracy

claims are barred as a matter of law by *Heck* and must be dismissed without prejudice. *See Trimble*, 49 F.3d at 585-86 (dismissals under *Heck* must "be without prejudice so that [the plaintiff] may reassert his claims if he ever succeeds in invalidating his conviction").

Even if not barred by *Heck*, the proposed complaint is not cognizable. Plaintiff fails to sufficiently allege facts to show an agreement or meeting of the minds existed between the alleged conspirators to deprive him of his rights, as is required to state a claim of conspiracy. *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998). Vague and conclusory allegations of a conspiracy do not suffice to state a claim. *Id*.; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff also fails to state a claim under § 1985(3) because he does not allege a deprivation of rights motivated by a racial or other class-based discriminatory animus. *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980). *See also Orin v. Barclay*, 272 F.3d 1207, 1217 n. 4 (9th Cir. 2001) (§ 1985(3) "extends 'beyond race only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights.'") (quoting *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992)). Plaintiff, instead, asserts defendants' "irrefutable brazen acts of fraud was conduct in the odious scheme to win a conviction at any cost, rather than justice for the Plaintiff." (Dkt. 1-1 at 2.) In failing to state a claim upon which relief may be granted pursuant to § 1985, plaintiff necessarily cannot assert a claim for relief under § 1986. *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) ("[A] cause of action is not provided under [§ 1986] absent a valid claim for relief under [§] 1985.")

Plaintiff's complaint is further deficient in other respects. For example, sovereign immunity prevents civil rights actions against the United States, its agencies, or its employees in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994); *Arnsberg v. United*

REPORT AND RECOMMENDATION
PAGE - 5

*States*, 757 F.2d 971, 980 (9th Cir. 1984); *Holloman v. Watt*, 708 F.2d 1399, 1401-02 (9th Cir. 1983). Plaintiff's allegations also raise the issue of prosecutorial immunity, *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976), and the inclusion of a private actor without the necessary showing of a conspiracy, *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989).

In addition, a three-year statute of limitations applies to § 1985 claims and a one-year statute of limitations applies to a § 1986 claim. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). A cause of action accrues and a statute of limitations begins to run when a plaintiff knows or has reason to know of the injury that is the basis of an action. *Id*. In this case, plaintiff raises claims associated with events taking place in 2011 and 2012 (Dkt. 1-1 at 2-3), and plaintiff appeared aware of the basis of this action at least as early as October 2014, when he argued government actors had threatened witnesses to prevent them from testifying, *see Stewart*, C13-2043-JCC (Dkt. 23 at 2). As such, plaintiff's November 2018 complaint also appears to be barred by the applicable statutes of limitations.[2]

## CONCLUSION

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a case at any time where it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Where a pro se litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants him the

---

[2] To the extent plaintiff also seeks to allege claims under 28 U.S.C. §§ 1331 and 1343 (Dkt. 1-1 at 2), such claims would also be subject to dismissal. Section 1331 is a jurisdictional statute and does not provide a cause of action. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980) ("28 U.S.C. § 1331 confers jurisdiction only where a federal question is otherwise at issue; it does not create federal jurisdiction.") Likewise, "§ 1343 does not create an independent basis for federal jurisdiction, but only serves to confer jurisdiction where a federal cause of action is provided by one of the substantive sections of the Civil Rights Act." *Id*. Plaintiff fails to state a civil rights claim for the reasons discussed above.

REPORT AND RECOMMENDATION
PAGE - 6

opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Here, plaintiff would have to abandon the claims he has asserted and allege an entirely new cause of action based on an entirely new set of facts in order to proceed with this case. This is more than the rule of liberally granting leave to amend requires. Accordingly, the Court concludes plaintiff should not be granted leave to amend, that his claims under 18 U.S.C. §§ 241 and 242 should be DISMISSED with prejudice, and his claims under 42 U.S.C. §§ 1985 and 1986 should be DISMISSED without prejudice. If plaintiff believes he can cure these defects by amendment, he may submit an amended complaint with his objections, if any, to this Report and Recommendation.

OBJECTIONS

Any objections to this Report and Recommendation should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 21, 2018**.

DATED this 29th day of November, 2018.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 7